## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

REA INVESTMENTS, LLC,                          Case No. 23-cv-01159 (PJS/JFD)

     Plaintiff-Counter Defendant,

v.                                                            **ORDER**

NOVEL ENERGY SOLUTIONS, LLC,

     Defendant-Counter Claimant.

This matter is before the Court on Plaintiff REA Investments, LLC's ("REA") Motion for Relief from the Scheduling Order. (Dkt. No. 169.) The motion was argued on March 24, 2025, with REA represented by Colin M. Bruns and Robert L. Smith, while Defendant Novel Energy Solutions, LLC ("Novel") was represented by Melissa R. Alvarez, Jennifer L. Filippazzo, and Roxanna Gonzalez. (Hr'g. Mins., Dkt. No. 182; Hr'g. Tr. 2, Dkt. No. 187.) REA asks to reopen discovery to inquire into Novel's relationship and agreements with firms such as KeyBanc, Monarch Capital, and North Sky Capital. (Pl.'s Mem. in Supp. 1–3, Dkt. No. 171.) It also seeks additional discovery of Novel text messages, information regarding Novel's privilege log for withheld documents, and further redacted copies of produced documents. Because the Pretrial Scheduling Order's deadline for filing nondispositive motions related to fact discovery has passed, the Court is asked now only for a ruling on the threshold question of whether to reopen discovery to allow REA to move to compel the discovery it wants. (Pl.'s Mem. in Supp. 4, Dkt. No. 171 ("REA respectfully requests relief from the scheduling order to bring a motion to compel discovery").) Accordingly, the Court does not address the merits of what would be REA's

1

Motion to Compel.

After hearing oral argument and noting several deficiencies in the parties' briefing, the Court ordered Novel to submit supplemental briefing on or before March 28, 2025 and ordered REA to respond on or before April 4. (Hr'g. Tr. 34:15–35:12.) With the benefit of that briefing, the Court denies REA's motion for relief because it has not shown good cause for the relief it seeks, which would have a significant impact on the litigation schedule in this case.

## I.    **Procedural Background**

This case is well advanced. The complaint was filed two years ago, in April of 2023. (*See* Compl., Dkt. No. 1.) Fact discovery closed on July 26, 2024. (Scheduling Order, Dkt. No. 24.) This Court held hearings on formal discovery motions on August 23, 2024; October 9, 2024; and November 20, 2024, as well as one discovery-related informal dispute resolution session on July 8, 2024. (Hr'g. Min. Entries, Dkt. Nos. 37, 63, 113, 137.) Cross motions for summary judgment were briefed, argued, and taken under advisement by Chief Judge Schiltz as of December 17, 2024.  (Hr'g. Mins., Dkt. No. 162.) Those dispositive motions are currently under advisement with Chief Judge Schiltz. Under the Scheduling Order, this case was to be trial ready on April 30, 2025.

## II.    **Legal Standard**

REA asks the Court to amend the scheduling order in this case to allow it to reopen discovery nine months after fact discovery closed and four months after summary judgment motions were taken under advisement. "Rule 16(b) assures that '[a] magistrate judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly

2

disregarded ... without peril.'" *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 582 (D. Minn. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Under District of Minnesota Local Rule 16.3(d), "except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order." *Id*.

Pretrial scheduling orders are "a vehicle designed to streamline the flow of litigation through [the federal courts'] crowded dockets." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Federal Rule of Civil Procedure 16(b)(4) provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) ("'[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.'")).

"[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order." *Id.* (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). Amendments to a scheduling order that would affect the dispositive motions deadline and the trial ready date are not favored. *Polaris Indus. Inc. v. CFMOTO Powersports, Inc.*, No. 10-CV-4362 (JNE/HB), 2014 WL 12755025, at *3 (D. Minn. Sept. 25, 2014) ("The Court is troubled by the apparently slow pace of discovery in this case, but will permit one more

extension of fact discovery, *as it will not affect the dispositive motion deadlines and the trial ready date*.") (emphasis added)*; see also., Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, No. 97-CV-2185 (JRT/RLE), 187 F.R.D. 578, 582 (D. Minn. 1999) (noting that "'[s]cheduling orders have become increasingly critical to the district court's case management responsibilities,' and the capacity of such Orders to sensibly advance litigation to the point of Trial must be responsibly preserved.") (citations omitted, cleaned up); *Farmers Coop. Soc'y, Sioux Ctr., Iowa v. Leading Edge Pork, LLC*, No. 16-CV-4034 (LRR/CJW), 2017 WL 11461039, at *2 (N.D. Iowa Mar. 31, 2017) (declining to move the trial ready date because Federal Rule of Civil Procedure 1 requires courts to move cases forward towards resolution).

Local Rule 16.3 also governs modifications to a scheduling order. Under that Rule, "[a] party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification[;] and (2) explain the proposed modification's effect on any deadlines." D. Minn. LR 16.3(b). "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019) (citing *Sherman*, 532 F.3d at 717).

REA's main argument in support of its motion is that Novel has withheld relevant documents and other communications, in particular regarding relationships that could impact both parties' liability under the contract at issue in this case. REA claims that it has "worked diligently to try to resolve these issues with Novel, but Novel has failed and refused to provide REA with any of the requested information." (Pl.'s Mem. in Supp. 4, Dkt. No. 171.) REA claims that new information has come to light since the close of

4

discovery that requires discovery to be reopened. (*Id*. at 13.) Novel, in response, states that it provided sufficient discovery on each of the issues that REA raises in its memorandum and that REA's failure to obtain the discovery it now seeks is a result of a lack of diligence by REA in pursuing additional discovery during the discovery period. (Def.'s Mem. in Opp. 6, Dkt. No. 177.)

On the limited information provided in the parties' briefing and at oral argument on this motion, the Court finds that during the discovery period REA had notice sufficient to alert it to the existence of the information it now seeks, and therefore knew that if it wanted that information, it needed to file the discovery motions it now seeks to file. Novel has provided sufficient documentation, both in its original briefing and in the supplemental briefing provided to the Court via email, that these issues were subject to or mentioned in previous discovery productions. (Novel Letter 2–5.) In fact, Novel has shown that many of the documents it produced discussing the relationships at issue were produced by REA or were used by REA's counsel in depositions, either in this case or in a parallel action in state court. (*Id*. at 2–3.)

The Court finds that REA's Motion is not supported by good cause. REA had adequate notice of the issues on which it now wants additional discovery and of the existence of the information it now seeks, and it had that notice before fact discovery closed. Reopening discovery at this juncture jeopardizes the case's trial-ready status and would likely interfere with Chief Judge Schiltz's deliberations on the briefed and argued motions for summary judgment.

**Conclusion**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that REA's Motion for Relief from the Scheduling Order is **DENIED**.

Date: May 1, 2025                    *s/ John F. Docherty*
                                     JOHN F. DOCHERTY
                                     United States Magistrate Judge

6