UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| REA INVESTMENTS, LLC, | Case No. 23-CV-1159 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| NOVEL ENERGY SOLUTIONS, LLC, | |
| Defendant. | |
| BEST & FLANAGAN LLP, | |
| Movant. | |

This matter is before the Court on the objection of movant Best & Flanagan LLP ("Best & Flanagan") to the August 22, 2025, Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Judge Docherty recommends that the Court decline to exercise jurisdiction over Best & Flanagan's motion to establish an attorney's lien against its former client, defendant Novel Energy Solutions, LLC.[1] The Court has conducted a de novo review.[2] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on

---

[1] Best & Flanagan claims that it is entitled to such a lien under Minn. Stat. § 481.13.

[2] Best & Flanagan contends that its motion is dispositive and therefore entitled to de novo review. The Court need not resolve this matter, as it has decided to adopt the R&R after conducting a de novo review.

that review, the Court adopts the R&R and declines to exercise jurisdiction over the motion.

Best & Flanagan apparently concedes that this Court does not have *original* jurisdiction over its motion, but contends that the Court has the discretion to exercise *supplemental* jurisdiction.  It is undisputed, however, that some portion of the requested lien relates to attorney's fees that Best & Flanagan seeks in a related state-court matter and that Best & Flanagan cannot segregate the fees it earned in this federal case from the fees it earned in the state case.  Best & Flanagan is also asking the state court to impose a lien for the same unpaid fees—not only against Novel Energy Solutions, LLC (which is a party to this action), but against two other entities that are not even parties to this action.

It is unclear to the Court how it could exercise supplemental jurisdiction over a dispute between two citizens of Minnesota over fees sought under Minnesota law in connection with a case pending in a Minnesota state court.  And if the Court cannot exercise jurisdiction over that dispute, then it cannot exercise jurisdiction over any portion of this dispute given that Best & Flanagan cannot segregate the fees that it earned in this federal case from the fees that it earned in the state case.

Even if exercising supplemental jurisdiction over both the claim for "federal" fees and the claim for "state" fees were possible, the Court would find that there are

compelling reasons to decline to do so. *See* 28 U.S.C. § 1367(c). Given the circumstances described above, the Court agrees with Judge Docherty that the interests of judicial economy and comity strongly counsel in favor of declining supplemental jurisdiction over this ancillary matter in favor of the state court.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Movant Best & Flanagan LLP's objection [ECF No. 222] is OVERRULED.

2. The Court ADOPTS the Report and Recommendation [ECF No. 218].

3. The Court declines to exercise supplemental jurisdiction over Best & Flanagan LLP's motion to establish an attorney's lien, and that motion [ECF No. 199] is accordingly DENIED WITHOUT PREJUDICE.

Dated: October 10, 2025　　　　　　　　　/s/ Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court